IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| **THE JOB STORE, INC.**, a Colorado corporation<br><br>v.<br><br>**THE JOB STORE OF LOVELAND, OHIO, LLC**, an Ohio limited liability company and<br>**THE JOB STORE OF CINCINNATI, OHIO, LLC**, an Ohio limited liability company.<br>**DYTR STAFFING AND MANAGEMENT COMPANY**, an Ohio corporation. | |

_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION
AND DECEPTIVE TRADE PRACTICES**

**DEMAND FOR JURY TRIAL**
_____

Plaintiff, The Job Store, Inc. ("Plaintiff") as and for its Complaint against Defendants, The Job Store of Loveland, Ohio, LLC ("JSL"), The Job Store of Cincinatti, OH, LLC ("JSC") and DYTR Staffing and Management Company ("DYTR") collectively ("Defendants"), alleges the following:

**Nature of the Case**

This is an action for trademark infringement and unfair competition of Plaintiff's JOB STORE, THE JOB STORE and JOB STORE STAFFING trademarks for use in connection with employment agency services by Defendants.

**Jurisdiction and Venue**

1. This is a federal trademark infringement action arising under 15 U.S.C. §§

1051 - 1127. Jurisdiction is proper under 15 U.S.C. §1121, 28 U.S.C. §§1331, 1367 and 1338.

2. This Court has personal jurisdiction over the Defendants in this district under Colorado's long arm statute, Colorado Revised Statute § 13-1-124, and the Due Process Clause of the Constitution.

3. Venue is proper under and 28 U.S.C. § 1391 in the District of Colorado because Plaintiff is a Colorado corporation and has a principal place of business in this District and Defendants are subject to personal jurisdiction in this District.

## The Parties

4. Plaintiff, is a Colorado corporation with a principal place of business located at 7100 E. Hampton Ave. Denver, Colorado 80224.

5. Upon information and belief, Defendant JSL is an Ohio corporation owned by Todd Riley and David G. Young with a principal place of business located at 10690 Loveland - Maderia Rd. Loveland, OH 45140.

6. Upon information and belief, Defendant JSC is an Ohio corporation owned by Todd Riley and David G. Young with a principal place of business located at 10690 Loveland - Maderia Rd. Loveland, OH 45140.

7. Upon information and belief, Defendant DYTR is an Ohio corporation owned by Todd Riley and David G. Young with a principal place of business located at 10690 Loveland - Maderia Rd. Loveland, OH 45140.

8. On information and belief, Defendants are all related entities which use the same website and social media sites to market and advertise employment placement services.

9.  Through the use of their infringing JOB STORE, THE JOB STORE and JOB STORE STAFFING SOLUTIONS trademarks Defendants have caused among other things its employees, potential employees and customers to apply for jobs in this District, demand payment for services from Plaintiff in this District and conduct reference checks on its employees in this District.

10. Upon information and belief, Defendants transact business in this District and/or contract to supply goods or services in this District

## Facts

11. At least as early as 1980, Plaintiff has been using the mark JOB STORE in United States commerce in connection with employment and job placement services. Plaintiff also began using variations of its mark in interstate commerce, including THE JOB STORE in 1986 and JOB STORE STAFFING in 1997.  Plaintiff applied for and received several federal registrations for its marks: JOB STORE (U.S. Registration No. 1213413), THE JOB STORE ( U.S. Registration No. 4683601) and JOB STORE STAFFING (U.S. Registration No. 4683600) (collectively "JOB STORE Marks") all of which encompass employment placement services in International Class 35.  A true and correct copy of the respective federal registrations and list of services associated with each mark are attached as Exhibit A.

12. Since at least 1980, Plaintiff has expended a great amount of time, effort and money in connection with the promotion and advertisement of its services which are sold and offered for sale under the JOB STORE Marks and have become assets of substantial value as a symbol of Plaintiff, its quality services and its goodwill.

13. Subsequent to Plaintiff's first use of the JOB STORE Marks and prior to

the acts of the Defendants complained of herein, Plaintiff has continuously, extensively and widely promoted, advertised and/or sold its services under the JOB STORE Marks throughout the United States and has widely used the JOB STORE Marks to identify its services and distinguish them from the services of others. In addition to other advertising, in or about 1999, Plaintiff began advertising its services through its website www.jobstorestaffing.com

14. Notwithstanding Plaintiff's well-known and prior common law and statutory rights in the JOB STORE Marks, Defendants', with at least constructive notice of Plaintiff's federal registration rights, and well after Plaintiff established its rights in the JOB STORE Marks, adopted and used JOB STORE, THE JOB STORE and JOB STORE STAFFING SOLUTIONS as their trademarks in connection with employment and job placement services.

15. Upon information and belief, Defendants are related entities and sell their employment and job placement services in interstate commerce with offices located in Ohio, Kentucky and New Hampshire.

16. Prior to the infringing use of the JOB STORE Marks by Defendants, The JOB STORE Marks became recognized and relied upon by consumers as identifying the services of Plaintiff distinguishing such services from the services of others.  The JOB STORE Marks thus represent goodwill belonging to and associated with Plaintiff.

17. Defendant DYTR first registered the tradename THE JOB STORE in Ohio on June 30, 2011 in connection with temporary staffing services alleging a date of first use in Ohio on March 1, 2008.

18. On information and belief, Defendants' use of tradename THE JOB

STORE in connection with temporary staffing services expanded to Kentucky in 2013 and New Hampshire in May, 2015.

19. On information and belief, sometime after 2008, Defendants also began using the marks JOB STORE and THE JOB STORE STAFFING SOLUTIONS in connection with providing employment placement services

20. Defendants use the marks THE JOB STORE, JOB STORE and THE JOB STORE STAFFING SOLUTIONS in connection with marketing their services on, at least, their website, linkedin, twitter and facebook. Evidence of Defendants infringing use of the JOB STORE Marks is attached as Exhibit B.

21. Plaintiff's website is www.jobstorestaffing.com.

22. Defendants' website is www.jobstoresolutions.com, has a copyright notice of 2015 and has the same look, colors and feel as Plaintiff's website.

23. Plaintiff's linked in profile is found at www.linkedin.com/company/the-job-store-staffing.

24. Defendants' linked in profile is found at www.linkedin.com/company/the-job-store.

25. Plaintiff's facebook page is www.facebook.com/JobStoreStaffing.

26. Defendants' facebook page is located at www.facebook.com/pagesThe-Job-Store/ and www.facebook.com/pages/The-Job-Store-Louisville-KY.

27. Plaintiff's twitter page is located at twitter.com/JobStoreStaff.

28. Defendants' twitter page is located at twitter.com/TheJobStoreStaff.

29. Instances of actual confusion between Plaintiff and Defendants have increased exponentially since the beginning of 2015, which include misdirected

telephone calls, misdirected mail, misdirected job applications. This evidence of actual confusion has continued to mount to the present date.

30. In the past six months, Plaintiff has received several telephone calls from employees of Defendants requesting payment for services.

31. In the past six months, Plaintiff has received approximately 50 on-line job applications from Ohio residents for a position with Plaintiff; yet, the potential employees intended to apply for a job with Defendants.

32. Over the past six months, Plaintiff has received several calls for reference checks or job verification checks on Defendants' employees or past employees.

33. Overall, Plaintiff receives 5-10 calls *per week* inquiring about job applications, employment verifications and employee checks intended for Defendants. This confusion has cost Plaintiff valuable time and resources in locating employee records which do not exist and reviewing job applications from Ohio and Kentucky residents intended for one of Defendants.

34. Plaintiff recently found out that Plaintiff and Defendants contract with the same entity, Backoffice Solutions, to provide office services.

35. Upon information and belief, purchasers of Defendants services have made negative comments about Plaintiff's services through website reviews, confusing Plaintiff with Defendant, thereby impairing Plaintiff's goodwill and the ability of its trademarks and trade name to act as an identifier of the source or origin of its services.

36. Plaintiff has no control over the quality of the services sold by Defendants. Plaintiff's valuable goodwill and reputation for high quality and customer satisfaction with respect to services sold under its JOB STORE mark is in jeopardy because of

Defendants use of the same marks in connection with their services and the confusion as to the source engendered by Defendants' use of the JOB STORE marks.

37. On or about, July 28, 2015, Plaintiff sent Defendants a letter advising Defendants of Plaintiff's long existing prior common law and federal registration rights in the JOB STORE Marks and requested Defendants to find another brand to market their services.

38. On or about August 10, 2015, Todd Riley, an owner of Defendants, admitted to Dan Degolier, an officer of Plaintiff, that he knew about Plaintiff and its name when Defendants were selecting their brand name but because Defendants were in Ohio Mr. Riley thought it would be ok to use the same brand name.

39. Subsequent to Defendants receipt of the above cease and desist letter and despite Defendants' knowledge of their infringement, Defendants have refused to cease and desist from infringing upon Plaintiff's JOB STORE Marks.

40. The use by Defendants of the JOB STORE Marks in the United States has already caused significant amounts of actual confusion and mistake and deception of purchasers and others as to the source or origin of Plaintiff's and Defendants' services, in that purchasers thereof and others associate and/or confuse Plaintiff with Defendants, and vice-versa, and associate and/or confuse Defendants' services as originating with Plaintiff, and vice-versa, all to the detriment of Plaintiff, in violation of Section 43(a) of the Lanham Act. Such confusion and mistake and deception of purchasers as to the source or origin of Plaintiff's and Defendants' services will inevitably continue in further, ongoing violations of the Lanham Act.

41. On information and belief, Defendants adopted and started using the JOB

STORE marks in the United States in bad faith, knowing that Plaintiff was the senior user of the JOB STORE Marks in the United States.

42. The infringement by Defendants has been, and continues to be, willful and deliberate.

43. The goodwill of Plaintiff's business under its JOB STORE Marks is of significant value and has and will suffer irreparable harm to the detriment of Plaintiff's trade reputation and goodwill should Defendants' infringement be allowed to continue.

44. Defendants' use of the JOB STORE Marks on their U.S. websites and in social media is likely to continue to divert customers and potential customers away from Plaintiff, in violation of Section 43(a) of the Lanham Act.

45. Any failure, neglect or default by Defendants in providing their services under the JOB STORE Marks now or in the future will reflect adversely on Plaintiff as the believed source of origin thereof, hamper efforts by Plaintiff to continue to protect its outstanding reputation for high quality services, result in the loss of sales and negate Plaintiff's considerable expenditures to promote its services under its JOB STORE Marks, all to the irreparable harm of Plaintiff.

46. Defendants' common law and statutory trademark infringement and false designation of origin under Section 43(a) of the Lanham Act will continue unless enjoined by this Court.

47. Actual confusion of consumers, potential employees and the public has occurred or will likely occur and will continue to occur as a result of the acts of Defendants complained of herein, unless Defendants are enjoined from continuing said infringing acts.

## CLAIM I

### Lanham Act Violation- Trademark Infringement
### 15 U.S.C. § 1114(a)

48.    Plaintiff repeats, realleges and reiterates each and every paragraph set forth above as if fully set forth herein.

49.    By the acts complained of herein, Defendants have used a reproduction, counterfeit, copy or colorable imitation of Plaintiff's JOB STORE Mark(s) in connection with the sale, offering for sale, distribution and advertising of their services, and such use is likely to cause confusion, mistake and deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

50.    Defendants admit having notice of Plaintiff's JOB STORE Mark(s) prior to selecting their brand name.

51.    Defendants had constructive notice of Plaintiff's marks through Plaintiff's federal registrations of the JOB STORE Marks.

52.    Plaintiff has been damaged by Defendants' willful infringement in an amount according to proof.

## Claim II

### Lanham Act Violation - Unfair Competition
### 15 U.S.C. § 1125(a)

53.    Plaintiff repeats, realleges and reiterates each and every paragraph set forth above as if fully set forth herein.

54. Defendants' use of THE JOB STORE, JOB STORE and JOB STORE STAFFING SOLUTIONS constitutes a false designation of origin, description or representation, which is likely to cause confusion, mistake or to deceive as to origin, affiliation, connection, sponsorship or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' use of the JOB STORE Marks by Plaintiff, in violation of 15 U.S.C. § 1125(a).

55. Defendants admit knowing about Plaintiff and its JOB STORE Mark(s) prior to selecting their brand name.

56. Plaintiff has been damaged by Defendants' willful unfair competition in an amount according to proof.

## CLAIM III

### Common Law Unfair Competition/ Deceptive Trade Practices

57. Plaintiff repeats, realleges and reiterates each and every paragraph set forth above as if fully set forth herein.

58. Defendants' conduct herein constitutes unfair competition under the common law and Colorado Deceptive Trade Practices §6-1-105.

59. Plaintiff has been damaged by Defendants' willful conduct in an amount according to proof.

## PRAYER FOR RELIEF

Plaintiff demands the following relief:

1. Plaintiff be awarded its damages and Defendants' profits attributable to

Defendants' infringement of the JOB STORE Marks under 15 U.S.C. § 1117(a);

2. Plaintiff be awarded three times the profits attributable to Defendants' infringement of the JOB STORE Marks under 15 U.S.C. § 1117(a);

3. Plaintiff be awarded its reasonable attorney's fees and costs of suit, under 15 U.S.C. § 1117 (a) and (b);

4. An accounting be undertaken to determine the amount of a constructive trust to be established for the benefit of Plaintiff reflecting the value of Defendants' unjust enrichment gained through its acts complained of herein;

5. An injunction be issued against Defendants and their servants, agents, employees, partners, successors and assigns, and all persons acting in concert or privity with them, enjoining each of them, singly and collectively, from

(a) any further infringing use of the JOB STORE Marks, or any mark confusingly similar thereto,

(b) further holding themselves out to the public as being affiliated with or sponsored by Plaintiff in any manner, or committing any acts likely to imply any such relationship or affiliation,

(c) unfairly competing with Plaintiff, and

(d) using its domain name www.jobstoresolutions.com, twitter, linkedin facebook, and any other social media, website or advertising using or referencing the JOB STORE marks, including use in any metatags or marketing data within its on-line advertising.

6. An order requiring Defendants to file with this Court and serve on Plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

7. An order requiring Defendants to deliver to Plaintiff for destruction all material in Defendants' possession or control bearing Defendants' infringing marks or any other designation confusingly similar thereto under 15 U.S.C. §1118.

8. An order preventing Defendants' unfair competition and awarding damages necessary to restore to Plaintiff any money or property which Defendants have acquired by means of its unfair competition; and

9. An order awarding Plaintiff prejudgment interest on any monetary award;

10. Such other and further relief as this Court deems just and proper.

Dated: October 7, 2015                               **JAHN & ASSOCIATES, LLC**

                                                         By:      s/Kirstin M. Jahn
                                                               KIRSTIN M. JAHN
                                                               1942 Broadway Suite 314
                                                               Boulder, CO 80302
                                                                303-545-5128
                                                                Kirstin@jahnlaw.com
                                           Attorneys for Plaintiff
                                           The Job Store, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED: October 7, 2015                               **JAHN & ASSOCIATES, LLC**


                                                         By:      s/Kirstin M. Jahn
                                                               KIRSTIN M. JAHN
                                                               1942 Broadway Suite 314
                                                               Boulder, CO 80302
                                                                303-545-5128
                                                                Kirstin@jahnlaw.com

                                           Attorneys for Plaintiff
                                           The Job Store, Inc.