IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02228-PAB-KLM

THE JOB STORE, INC., a Colorado corporation,

    Plaintiff,

v.

THE JOB STORE OF LOVELAND, OHIO, LLC, an Ohio limited liability company,
THE JOB STORE OF CINCINNATI, OHIO, LLC, an Ohio limited liability company, and
DYTR STAFFING AND MANAGEMENT COMPANY, an Ohio corporation,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Stay Order Setting Scheduling/Planning Conference and Motion for Expedited Briefing** [#21][1] (the "Motion"). Defendants ask the Court to stay discovery in this case until after the District Judge has ruled on their pending Motion to Dismiss [#10], which seeks either dismissal on the basis of an asserted lack of personal jurisdiction or else transfer of this action to the United States District Court for the Southern District of Ohio.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

---

[1] "[#21]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or

proceeding with discovery.  *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery may prejudice Plaintiff.  Plaintiff states:

> [Five] months have already lapsed without Plaintiff having the ability to even begin formal discovery.  This lapse of time is critical because the main claim involved in this case is trademark infringement.  Trademarks are source identifiers for goods and services.  In this case, Defendants later and subsequent use of the exact same trademarks (The Job Store and Job Store Staffing) for the exact same services (employment placement services) as Plaintiff confuses the public as to the source of the parties respective services.  Defendants appear to make use of every on-line marketing source available, websites, twitter, facebook, Linkedin and various other services.  Confusion in the marketplace continues to grow daily and the public continues to be deceived by the source of the services provided under Plaintiff's trademarks.  The deception and harm will continue to Plaintiff and members of the public who are seeking employment, until this case is adjudicated.

*Response* [#24] at 4 (internal citations omitted).  Based on these considerations, the Court finds that the first *String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden.  In support, Defendants state:

> Even with the potential for transfer to another district, Defendants would still suffer a significant burden because they would be forced to proceed with a discovery conference, scheduling conference, and discovery when they have not filed an answer, asserted any affirmative defenses or counterclaims, much less submitted to jurisdiction in Colorado.  The entire purpose for allowing defendants to challenge jurisdiction before an answer is filed, and before discovery or other litigation activities commence, is to protect defendants from being haled into court to defend against claims in distant forums in which they have no contacts.

*Reply* [#26] at 5.  Based on these considerations, the Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  See Chavous, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss [#10].  Further, should discovery proceed and conflict arise between the parties, the Court will have to expend its time and limited resources to resolve the dispute.  If the Motion to Dismiss [#10] is resolved in favor of Defendants, the Court's expenditure would be for naught.  Based on these considerations, the Court therefore finds that the third String Cheese Incident factor weighs in favor of staying discovery.

With regard to the fourth factor, there are no specific nonparties with significant particularized interests in this case.  See Response [#24] at 6; Reply [#26] at 7.  Accordingly, the fourth String Cheese Incident factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth String Cheese Incident factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss [#10] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#21] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 29, 2016,

at 11:00 a.m. is **VACATED**. It shall be reset, if necessary, following resolution of the Motion to Dismiss [#10].

DATED: March 9, 2016 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge